UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY        ORIGINAL        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 11/01/06      TS     │
└─────────────────────────────────┘
```

SONDRA J. PFEFFER, M.D.,

                    Plaintiff,

        -v-                                    No. 03 Civ. 1404 (LTS)(FM)

EMPIRE STAT, INC.,EMPIRE STAT
MED REVIEW, P.C., LOUIS BLOISE,
CAROL ANN BLOISE, TOM DOOLEY,
and KELLY BECK,

                    Defendants.

----------------------------------------

## MEMORANDUM OPINION AND ORDER

        Plaintiff Sondra J. Pfeffer, M.D. ("Plaintiff" or "Pfeffer") brings this action against

Empire Stat, Inc., Empire Stat Med Review, P.C., Louis Bloise, Carol Ann Bloise, Tom Dooley,

and Kelly Block (collectively "Defendants") asserting claims of copyright infringement under the

copyright laws of the United States, Title 17 of the United States Code; unfair competition under

both Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a), and New York common law; and

fraud and breach of contract under New York common law.  This matter comes before the Court

on Defendants' motion to dismiss the Amended Complaint[1] pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

        The Court has thoroughly considered all of the parties' submissions relating to the

instant motion.  For the following reasons, Defendants' motion to dismiss is denied in part and

----

[1]     All references herein to the "Complaint" are to the Amended Complaint filed on
November 12, 2003.  The Court dismissed Plaintiff's original Complaint in
February 2003.


Copies r[...]led counsel of record + MJ
Chambers [...] 10.31.06

granted in part.

## BACKGROUND

The following relevant facts, which are alleged in the Complaint, are taken as true for purposes of this motion practice.  Plaintiff is a licensed physician who is a Board Certified specialist in Radiology.  (Compl. ¶ 1.)  In 1990, Plaintiff began her own consulting business providing second opinion radiological film reviews for attorneys, insurance companies and other parties.  (Id. ¶ 15.)  She developed her own "original text, format, and style of radiological report."  (Id.)  Plaintiff is the sole author and exclusive user of this unique format.  (Id.)  In May 1995, Defendant Empire Stat, Inc. ("ES") sought the services of the Plaintiff.  (Id. ¶ 16.)  Pfeffer was hired by ES as an independent contractor to evaluate radiological films and prepare reports summarizing her findings.  (Id.)

In September 1995, Defendant Carol Bloise ("Bloise"), co-owner of ES, asked Pfeffer if she would consider increasing her workload and reducing her fee.  (Id. ¶ 18.)  Plaintiff informed Bloise that she would accept the new arrangement subject to the following conditions: (1) no other person would sign reports prepared by Plaintiff; (2) Plaintiff would receive for her files a copy of each report she completed; (3) the volume of work would be consistent; (4) Plaintiff's style of reporting would only be used for reports prepared by her; and (5) ES would not hire any other radiologist while Plaintiff was in their employ.  (Id.)  Bloise orally accepted these conditions.  (Id.)  Defendant Louis Bloise is also a co-owner of ES; both Bloises are officers, directors and shareholders of ES.  Defendant Empire State Med Review, P.C. is the alter ego and agent of ES.  Defendant Dooley is ES' Marketing Director and Defendant Beck is ES'

Office Manager.  (Id. ¶¶ 4-8.)

In or about November 1999, ES cut the volume of Plaintiff's workload in half. (Id. ¶ 23.)  Plaintiff later learned that Defendants had hired an additional radiologist, Dr. Stephen Weiser.[2]  (Id.)  Plaintiff confronted Defendant Dooley ("Dooley") about the fact that an additional doctor had been hired in violation of her employment agreement.  (Id. ¶ 24.)  Plaintiff notified Dooley that she would leave and consult with her attorney if her contract was not honored.  (Id.)  As a result, Dooley agreed that Plaintiff's workload would be restored to its previous level if she would continue her employment.  (Id. ¶ 25.)  At that time, Plaintiff reminded Dooley that the other physicians were not to use her style of reporting.  (Id.)  Despite his assurances that the other physicians were not using her "original report text, style and format," Plaintiff  suspected that the Defendants were not being honest.  (Id. ¶¶ 26, 28.)

Plaintiff alleges that in January 2000, while in the ES offices, she found a copy of a memorandum in the workspace of Dr. Weiser which was a "copy of the language, style and format of [her] reports."  (Id. ¶ 26.)  Plaintiff once again expressed to Dooley her concerns about the other doctors using her report format.  (Id. ¶ 27.)  Dooley claimed that the other doctors were creating their own reports.  (Id.)  Upon further investigation, Plaintiff located another memo in March 2000, instructing ES word processing staff to format reports of another radiologist, Dr. Romano, "in essentially the same format as Dr. Pfeffer's reports."  (Id. & Ex. C.)

---

[2]  Prior to this, in approximately November 1997, Plaintiff had learned that ES had hired another radiologist.  (Compl. ¶ 21.)  She confronted Bloise and asked that the other doctor be dismissed, and Bloise complied.  (Id.)  Plaintiff further alleges that there was a third doctor employed by ES while she was an employee, although it is not clear from the record when this doctor was hired or when Plaintiff learned of his existence.  (Id. ¶ 22.)

During the first week of March 2000, Dooley asked Pfeffer on two occasions to work from home, and when she refused, Dooley informed Plaintiff that she could no longer work for ES. (Id. ¶¶ 31-32.) During the months of March and April 2000, Plaintiff visited the ES office building numerous times to sign reports and collect paychecks. (Id. ¶ 33.) On one visit to ES in March 2000, Plaintiff was handed a number of reports to approve, among them a report prepared for Dr. Weiser's signature. (Id.) The report copied Plaintiff's "report text, format and style, but included a signature block for Dr. Weiser." (Id.) Plaintiff has received certificates of registration dated January 2, 2001, for certain of her works from the United States Copyright Office. (Id. ¶ 38 and Exs. F through J.) An ES employee told Plaintiff in March or April 2000 that ES' word processing operators had been instructed to copy sentences and/or paragraphs of Plaintiff's reports into reports for other radiologists. (Id. ¶ 34.)

In her first cause of action, Plaintiff alleges that Defendants have infringed upon her copyrighted works. (Id. ¶ 42.) Plaintiff further claims that Defendants have contributed to the copyright infringement and have induced others to engage in copyright infringement, which allegedly involved the copying of her "original text, content and format, and structure, sequence, and layout." (Id.) In her second cause of action, Plaintiff alleges that "one or more of the defendants have falsely represented and advertised that one or more defendants are the author, originator, or are otherwise authorized to copy plaintiff's copyrighted reports, and have submitted reports prepared for plaintiff's signature, without plaintiff's permission, knowledge or consent, to defendants' insurance company customers." (Id. ¶¶ 44-46.) Plaintiff's third cause of action is one for common law fraud, premised on the assertion that the Defendants, by repeatedly reassuring her that they would not hire additional radiologists and that other radiologists were not using her

style of reporting, made false representations to her.  (Id. ¶ 48.)  In her fourth cause of action,

Plaintiff asserts that she had an employment agreement with ES and Louis and Carol Bloise.  (Id.

¶ 50.)  Plaintiff claims that these Defendants breached the employment agreement by violating

their obligation of good faith and fair dealing, by hiring additional radiologists, and by copying

Plaintiff's style of reporting.  (Id.)  Plaintiff seeks injunctive relief as well as compensatory and

punitive damages.

## DISCUSSION

When presented with a motion to dismiss a complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, the Court is required to construe the complaint in the

light most favorable to the plaintiff and accept as true all of the material facts alleged in the

complaint.  Courtenay Communications Corp. v. Hall, 334 F.3d 210, 213 (2d Cir. 2003).

Dismissal of  the complaint is proper only when "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."  Conley v.

Gibson, 355 U.S. 41, 45-46 (1957).

*Copyright Infringement Claim (First Cause of Action)*

To prevail on a claim for copyright infringement, plaintiff must prove (1) the

ownership of a valid copyright and (2) copying of the constituent elements of the work that are

original.  Feist Publ'ns v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

Defendants argue that Pfeffer fails to plead facts that would entitle her to

protection under the copyright laws.  They also argue that, although Plaintiff repeatedly alleges in

her Complaint that her works contain original text, content, format, structure, sequence and

layout, she fails to explain what, if anything, is specifically original to her format of reporting. (Id. ¶¶ 15, 18, 36, 38, 42).  Defendants' argument goes beyond the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, addressing issues (such as originality and what, if any, elements of Plaintiff's works are copyrightable) that go to the merits of the cause of action.  "The element of copyrightable originality in a compilation claim is often subtle, and therefore determination at the pleading stage will often be impossible." Mid Am. Title Co. v. Kirk, 991 F.2d 417, 422 (7th Cir. 1993) (reversing the district court's decision to dismiss a copyright claim on a Rule 12(b)(6) motion, for failure to explain the originality of the compilation).

Viewing the facts alleged in the light most favorable to the Plaintiff, it cannot be said at this stage that Plaintiff can prove no facts in support of her copyright infringement claim that would entitle her to relief.  Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's First Cause of Action.

*Unfair Competition Claims (Second Cause of Action)*

In her Second Cause of Action, Plaintiff asserts claims for unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the common law of New York. To prevail on a claim for unfair competition under § 43(a) of the Lanham Act, a plaintiff must prove that (1) the work at issue originated with the plaintiff; (2) the origin of the work was falsely designated by the defendant; (3) the false designation of origin was likely to cause consumer confusion; and (4) the plaintiff was harmed by the defendant's false designation of origin.  Lipton v. The Nature Co., 71 F.3d 464, 473 (2d Cir. 1995) (citing Waldman Publishing Corp. v. Landoll, Inc., 43 F.3d 775, 781-85 (2d Cir. 1994)).  Additionally, the plaintiff must show that the

work at issue affected interstate commerce.  <u>Sun Trading Distrib. Co., Inc. v. Evidence Music, Inc.</u>, 980 F. Supp. 722, 727 (S.D.N.Y. 1997).  The elements of an unfair competition claim under New York law are essentially the same as those under section 43(a) of the Lanham Act.  <u>Nadel v. Play by Play Toys & Novelties, Inc.</u>, 34 F. Supp. 2d 180, 186 (S.D.N.Y. 1999) (internal citations omitted) (affirmed in relevant part by <u>Nadel v. Play-By-Play Toys & Novelties, Inc.</u>, 208 F.3d 368 (2nd Cir. 2000)).

   Plaintiff alleges that the Defendants have falsely represented and advertised that they are the authors of Plaintiff's copyrighted reports. (Compl. ¶ 44.)  Plaintiff also claims that reports, authored by her, were sent out without her consent and without her signature.  (<u>Id.</u>)  Plaintiff contends that the Defendants' reports were being issued in Plaintiff's copyrighted format.  As noted above, it cannot be said at this stage that Plaintiff will be unable to prove appropriation of copyrighted elements of her work; the Lanham Act claim must similarly await further development of this litigation to the extent Defendant's challenge the protectability of the underlying work.  <u>Waldman Publ'g Corp.</u>, 43 F.3d at 781-82 (relying on copyright law to determine whether the plaintiff's works are original works which may be falsely designated and stating that "[i]t is fair to say that it would constitute a false designation of origin to publish without attribution to its author a work that is original enough to deserve copyright protection.").

   Although "[c]opyright infringement, by itself, does not amount to a misrepresentation or false designation to establish a claim under § 43(a)," <u>Sun Trading Distrib. Co., Inc.</u>, 980 F. Supp. at 729 (internal citations omitted), Plaintiff might, consistent with the allegations of the Complaint, be able to demonstrate that reports that she authored, or elements of those reports, were sent out under others' signatures or otherwise misrepresented as Defendants'

specific allegations that she mistrusted certain representations and reassurances by Defendants

preclude any possibility that she can demonstrate the requisite reliance.  Construing, as the Court

must, all of Plaintiff's allegations in the light most favorable to her, it cannot be said that she

would be unable to prove any set of facts in support of her fraud claim that would entitle her to

relief as to any portion of her relationship with Empire Stat.  Indeed, her allegations of mistrust

and discovery of misrepresentations are centered on the late 1999-early 2000 time frame, whereas

she alleges that her arrangement with Defendants, including the conditions as to which

Defendants' allegedly misled her, dates back to 1995.

       The motion to dismiss the Amended Complaint is, accordingly, denied with

respect to the Third Cause of Action.

*Breach of Contract (Fourth Cause of Action)*

       Plaintiff claims that she had an employment contract with Defendants ES and

Louis and Carol Blois.  The Court takes her allegation as true for purposes of this motion

practice.  Plaintiff concedes that her employment was at-will, but claims that she is entitled to

damages because Defendants breached their duty of good faith and fair dealing and the terms of

the contract by hiring additional radiologists while the Plaintiff was in their employ, and by

allowing Plaintiff's original works to be copied.

       Plaintiff's contract claim will be dismissed, for failure to meet the requirements of

the statute of frauds, see N.Y. Gen. Oblig. Law 5-701 (Mckinney 2006), to the extent it is

premised on any alleged copying of Plaintiff's works following termination of her employment

relationship with Empire Stat.  With respect to Plaintiff's claims of breach of the exclusivity

terms during the course of her employment relationship, it cannot be said that there is no set of

facts that she could prove under which she could prevail.

Accordingly, Plaintiff's Fourth Cause of Action is dismissed to the extent it seeks damages for copying or other unauthorized use of Plaintiff's works following the termination of her employment.

*Individual Defendants*

Defendants also assert that Plaintiff's Amended Complaint should be dismissed to the extent it seeks to assert causes of action against individual defendants Louis and Carol Blois, Tom Dooley and Kelly Beck.  The motion is granted as to the claims asserted against Dooley and Beck in the Third Cause of Action (Fraud) and Fourth Cause of Action (breach of contract), as there is no allegation in the Complaint that either contracted with Plaintiff or misled her in any capacity other than as employee-representatives of the business entities.  For substantially the reasons advanced in Plaintiff's opposition papers, the application for dismissal of the claims against the individual defendants is denied in all other respects.

CONCLUSION

For the foregoing reasons, Defendants' Motion to dismiss the Amended Complaint is granted insofar as the Fourth Cause of Action seeks relief for breach of an alleged contract to refrain from copying or other unauthorized use of Plaintiff's original work following termination of the employment relationship, and insofar as the claims in the Third and Fourth Causes of Action are asserted against defendants Dooley and Beck.  The motion is denied in all other respects.

This case is hereby referred to Magistrate Judge Maas for general pretrial management, including settlement discussions.  The parties shall contact Judge Maas' chambers promptly to arrange for a conference.

SO ORDERED.

Dated: New York, New York
       October 31, 2006

LAURA TAYLOR SWAIN
United States District Judge